Good morning, Gerald Newton on behalf of Appellant Mr. Breverman. This is a case that proves the old adage, it's always better to do something right the first time. Unfortunately, when Mr. Breverman was represented by appointed counsel in the California Court of Appeal and after the California Supreme Court remanded the matter and in a divided opinion, the Court of Appeal concluded that the error in not instructing on the defense was not reversible. Counsel did not, when they petitioned for review, also argued the ineffective assistance of counsel claim, which was substantial. Mr., after the California Supreme Court denied review, Mr. Breverman filed his pro per petition in the district court. He essentially raised the arguments raised by his appointed counsel in the California system. After the answer was filed to the petition and approximately, give or take five months after the petition was filed, he sought the assistance of Mr. Waters to help him and a traverse was filed. And at that time, the ineffective assistance of counsel was brought to the attention of all parties. When that was done so, it was clear that Mr. Breverman was seeking to avail himself of some procedure to get that in front of the court because he discussed whether or not other claims could be dismissed. That traverse was pending for approximately nine months. At the time that that traverse was, and the magistrate responded to that request, the dynamics of 2254 proceedings had changed dramatically across the country because it had been generally assumed that the 2254 petition may stay the one-year statute of limitations. Everyone found out that that assumption was an incorrect assumption. And at that point in time, it was too late, time-wise, to dismiss the petition and attempt to file something quickly in the California Supreme Court exhaust and immediately file again in the district court. It's the contention of Mr. Breverman at this time that when he raised the ineffective assistance of counsel in that traverse, that at that point in time, the magistrate judge should have said one of several things, file an amended petition or file a statement of supplemental issues, because at that point in time, when the magistrate judge did respond, it was then too late to do anything other than those procedures. Instead, the magistrate judge said, hey, you can't file something in a traverse. And actually, it would appear, a close reading of the cases would seem to indicate that maybe that's not correct. In particular — It's apparently not what the magistrate judge in the other case thought. I'm sorry? It's apparently not what the magistrate judge in the case we just heard thought. Well, I — It's kind of exactly the same thing. Yeah, yes. I suppose that's why there's horse races. There's always differences of opinion. In the case that was relied upon by the magistrate judge, what had actually happened there is the pro se petitioner had been given several options to file either amended petitions or to file supplemental statements, and the petitioner never did that. Instead, he just proceeded with the traverse. So he had options available to him. He ignored the options, and he ignored — essentially ignored the options at his peril. Here, Mr. Breverman did not ignore the options, but it turned out that it was at his peril to avail himself of the stay and abeyance procedure. I submit that the California — or that the United States Supreme Court decision in Rimes v. Weber actually compels the conclusion that he was entitled to the stay under these particular circumstances. First — Well, the pro — First, I believe that there was good cause — Just a minute. The problem here is that, as I understand it, the magistrate judge was saying — unlike the magistrate judge in the case we just heard — was saying this isn't a mixed petition because this claim is not in the case. Well, what was being said at that point in time is this is not a claim that you can raise at any subsequent time. I'm not going to consider this at any time. And he was saying that, in essence, because it hadn't been exhausted. Well, he could have amended his complaint to be his petition, even late. I agree that there could have been — in a perfect world, instead of filing this objection in the traverse, he could have instead filed the traverse and also filed another document entitled amended petition or supplemental statement to petition. Well, the problem is we have a case that says raising a traverse is not enough. Cacopedro, right? Well, I don't — I think that if you look at that case closely, that's really not what it says. What it says is when you ignore other instructions by the court and your pro per on how to properly do this, then you're out of luck, is what I believe that it says. Here, there were never any instructions on how to properly do this. It was just, by the way, you're out of luck. And I think that there's a substantial difference by saying, look, here's the way you go about doing this, and you should do this, versus saying, you're out of luck. Admittedly, ultimately, the result may be the same, but — Well, Mr. O'Brien, what's the difference between the two statements, that the magistrate has a duty to educate the petitioner? Yes. If Breverman would have been told, hey, don't do this in a traverse, file an amended petition, the amended petition would have been filed in a flash. The amended petition put everyone on notice that this is what Breverman wanted to do. It was also clear that — We know that putting a traverse is not enough. We are now disputing the question of whether or not the magistrate had a duty to educate a petitioner by telling him, you could do this other thing that would be enough. Well, interestingly enough, ultimately, petitioner sought to be able to do what was enough, and he still was not allowed to do so. Because what happened then is, after the magistrate issued his order, and after it was then clear that the time limit had run, at that point in time, the petitioner sought to stay. He sought to stay at this proceeding so he could go and exhaust the claim and then come back and amend the petition. That was the obvious purpose for seeking to stay. And in fact, what happened in this case is that after the magistrate filed its report, Breverman, in fact, filed his petition in the California Supreme Court. As chance would have it, the petition in the California Supreme Court was decided, and then in a matter of days, the district court judge just signed off on the recommendations, and the matter was dismissed. And — Now, in back of the magistrate judge's treatment of all this, presumably — and it may have been articulated, I don't remember — was his assumption, once again, that he could not add the petition and make it a mixed petition. I assume that that was the case, yes. Because — It's unclear to me in reading it, Your Honor. I — it's hard to know for sure what underlined that basis, but I assume that that's correct, but I don't have the answer to that. But it wasn't articulated as such. That wasn't — I don't believe that that was articulated by the magistrate judge. I believe later on it may have been articulated by the magistrate judge. And interestingly, the district court judge never, ever expressly signed off on the fact that there shouldn't be a stay-in-abatement procedure. He signed off by signing a general order, but at no time did he mention that specific procedure and that he himself would not allow that. You know, I'm looking at Carcobrero. Carcobrero seems to say quite clearly a traverse is not the proper pleading to raise additional grounds for relief. It's a flat-out — flat-out statement. I agree that that statement is in the case, but I also agree that the procedural — I also suggest that the procedural history of that case is sufficiently different, that while that may be a binding — a binding statement in those facts, our factual basis here is completely different, because there, there was specific notice on how to go about doing this and how to do something, and the Petitioner ignored what he was told. Unlike the flat statement that says a traverse is not the proper pleading to raise additional grounds for relief, which is a statement, the previous paragraph that talks about the instructions doesn't say anything like the magistrate is required to do this or — or anything of that sort. It — it — it gives us as a history of the — of the proceedings, but it seems to me that the Petitioner did not attach no — no — doesn't speak of it with approval or speak of it as required or anything of that sort. I — I agree, and I submit that that means that the question is open in this particular — under this particular factual situation. And here, all the — What is exactly is the open question? It's certainly not — it's not open whether or not raising the additional grounds for relief and — relief and traverse is appropriate. That is not open. Caco-Pedro says it's not. I — I agree that that's what it says, but I think in this case, where Petitioner was never given another option, and then he ultimately seeks the other option in the district court, and he is not given the ability to seek that other option, I then say that that's a completely different situation, and that he should have been given that option, particularly in light of the — of the — of him satisfying now the Rimes test to be able to do so. He clearly had good cause, clearly a meritorious issue. What's the good cause? The good cause was that the Petitioner himself wasn't aware of the issue. His appointed counsel didn't raise it in the California Supreme Court. He filed the petition himself, basically mimicking what was filed in the California Supreme Court, and once he became aware of that question, he started the procedure to raise it in the district court. Are we in this appeal — are we concerned only with the unexhausted claim, the ineffective assistance of counsel, because the — the basic claims, the heat of passion instruction, was decided on the merits, the court found there was no merit to that claim? Correct. And so if you're entitled to anything under Rimes, it's only to have a hearing on the ineffective assistance of counsel claim? I would have to say that that may be correct, Your Honor, unless the Court would find that the decision on the merits was wrong. Correct. Correct. So the tech apparatum doesn't — it says that Traverse is not a proper pleading, but does it say that a magistrate judge could not determine to hear it or a judge could not determine to hear it? No. I don't think that it does, and interestingly, I've provided some additional facts. You say things like that all the time. We say, you know, it's not proper to raise things in reply briefs, but we have sometimes discretion to hear it anyway. Discretion to hear it anyway. Sure. And ultimately, what happened is Breverman did everything he was supposed to do. The thing that cries out so much in this case is the unexhausted issue is clearly a very solid issue, particularly when you look at the opinion of the court of appeal. And Breverman ultimately sought the appropriate procedure, and I believe he clearly satisfies the Rimes test. This isn't a case where somebody's on death row trying to delay stuff. If he's right, he should have been out of jail three years ago or some such thing. So this isn't a guy that's just, you know, trying to slow down the court system and burden the court system. This is a guy that's got a valid complaint, and if he's right, he's going to be released. He's not trying to put off an execution. Is there a timely – what is the timeliness situation with regard to the ineffectiveness issue? Was it timely at the time he put it in the diverse? Was it timely at the time he put it in the diverse? It's going to have to relate back. Does it relate back when it deals with appellate counsel? Well, I believe that it does, but because the law has sort of switched, there hasn't been a decision on that by the district court. So I would submit that it would be appropriate in this matter for that to be a question on remand, assuming that the court remands the matter for another – for either allowing him to amend to include that, assuming that it meets a related back test, or if the court finds that it was an abuse of discretion not to allow him to add the case. I submit that would be something to be considered, because I don't believe the district court ever considered that. Has that not been exhausted? I'm sorry? Has that not been exhausted? That was exhausted before the final denial by the district court. May I ask you something else? Is the ineffective assistance of counsel claim the failure to raise the heat of passion? Correct. But isn't that resolved by the merits of the heat of passion decision? No, I don't believe that it is, because under the merits of the heat of passion decision, essentially that jury instruction issue is very difficult to reach on a habeas question, whereas under ineffective assistance of counsel, it's absolutely clear that it can be reached. And it seems under these facts, given the fact that that's the only defense to the trial. I'm sorry. I don't understand your answer at all. Okay. Judge Reinhart. Why isn't the ruling on the merits of the heat of passion? The Court of Appeal reached the heat of passion. The Court of Appeal reached that, and in part they reached that because they distinguished the cases because counsel had not requested the instruction down below. In essence, they said because counsel was ineffective for not raising the issue down below, the cases relied on by Petitioner's distinguishable, and you lose, in essence is what they said. I thought he lost on harmless error grounds. I'm sorry? I thought he lost on harmless error grounds. He lost whether or not there was a sua sponte duty to instruct on lesser included offenses on harmless error grounds. The other issue was the due of merits. Why wouldn't harmless error be the same? I mean, they said there was a duty, didn't they say there was a duty, but it was harmless error? That's what the California Court of Appeal said, but there was quite a dissent in that case. I'm talking about the California Supreme Court. The California Supreme Court never decided that question. The California Supreme Court remanded it to the district court or for the California Court of Appeals to resolve. The California Court of Appeals decided that issue two to one. When that went back to the California Supreme Court, review was not sought on ineffective assistance of counsel. It was sought on whether it was harmless error and review was denied. Why doesn't that wash out the issue? I'm sorry? Why doesn't that wash out the issue, if it's harmless error? Well, I think that the saying is, look, assuming it was error, it was harmless. Well, the question is, is that ruling correct and can that ruling be reviewed in a habeas petition? And it's my understanding that that can be reviewed, whether or not that, in fact, was harmless error. And here I submit it's – I submit that it was an unreasonable application of the harmless error standard to conclude that not giving that instruction was harmless error. The facts were basically overwhelming, or at least the dissent in the court of appeal thought the facts were overwhelming that the – that it was error not to give the instruction. All right. Thank you, Kathleen. I'm going to please the Court, Deputy Attorney General Margaret Maxwell, on behalf of Respondent Morden. I'll focus first on the Rines test. I think that this particular question could perhaps resolve all the issues here. Rines sets out a two-pronged test. First, did – or can the Petitioner show good cause for the delay in bringing an unexhausted claim? How can Rines be relevant here when the district court did not treat this as a mixed petition at all? So it certainly never decided whether to stay a mixed petition. Well, I think it's relevant in some means by analogy. If the question here is whether – the first question is whether the district court abused its discretion in declining to raise an issue that was presented in the Traverse. There's an underlying question there whether there was really a claim even presented in the Traverse, because all Petitioner said there was, hey, on district court, if you think you're going to deny the petition, then I might want to go and exhaust an ineffective assistance at counsel claim. So it didn't precisely present it in the Traverse. If this Court concludes that the district court abused its discretion in failing to consider that claim in the Traverse, then it must get to the question of whether the court could and should have considered the claim at all as part of the petition and how that would come about. That brings us, I think, to the stay in abeyance procedure. I do agree that this case is much different than the situation presented in Rines, I think, because here we never have a mixed petition. We have a fully exhausted petition, and then we have sort of floating in the winds a claim that Petitioner may or may not desire to raise. So I believe Rines is relevant if you get beyond the first question. But if we got beyond the first question, wouldn't we have to remand at that point because the judge never exercised its discretion at all with regard to staying in a mixed petition because they didn't think he had one? That's an interesting question. I know the magistrate judge in his minute orders in the case, at one point there's a minute order that was issued at Exeter Record 41 where he says that he, the magistrate judge, believes that discretion to stay shouldn't be exercised because it's not a new claim and the Petitioner had delayed so long in bringing the claim. That particular minute order notes that the claim, the Traverse was filed in April of 2001, and yet Petitioner had done nothing to either actively seek permission to pursue the claim more independently, perhaps secretively pursuing it in the State court, and he had waited for 11 months in doing so. That particular statement is not included in the final report and recommendation. But the order of the district court does state that he reviewed all the files and orders in the report and recommendation. The report and recommendation does, the final report and recommendation does mention stay in that footnote that addresses the Traverse. And I think we can fairly say the district court was aware of this particular issue and was exercising its discretion not to stay and obey. The stay and obeyance procedure was also raised in the objections to the report and recommendation, which the – which prompted the final report. And I believe it's fair to say the district court considered those objections. But primarily here, I think an excellent point was made that the third question here, the merits decision on the instructional error may also help resolve this case. If this Court concludes that there was Federal constitutional error arising from the merits, then it would grant the petition and we would – there would be no need to go back. It is our position, however, that the district court properly denied that claim on the merits. Having done so, this ties back to the Rhine second prong. Petitioner's claim, as he presented it to the district court, the theoretical claim that he wanted to exhaust, was ineffective assistance of counsel for failing to pursue the heed of passion theory at trial. The California court of appeal and the California Supreme Court have now essentially twice resolved the prejudice prong that would be relevant in a district court analysis. They did so in August of 2002 when the California Supreme Court denied Petitioner's habeas corpus on the merits. And they – the Court stood previously when it brought – But that is something, isn't it, that could be tested on habeas, whether that's an unreasonable application of the law or interpretation of the facts? Yes, it is something. That decision, though, would be – the decision of the California courts would be entitled to deference under Mitchell v. Esparza, the harmless error finding. Yeah, sure. But it just is – at this stage of the proceeding, I'm asking, that is an issue that could be raised. I'm trying to see whether it's really barred by the decision on the – the failure to raise the heed of passion defense, whether that bars the ineffective assistance of counsel defense or claim. Well, I think that the Rines test, the two-prong test, requires a showing of good cause and then a showing that the claim has merit, or at least doesn't lack merit. So if – Well, does it necessarily lack merit? That's the question. Does it necessarily lack merit because of the determination on the – on the exhausted claims? Does that determination necessarily mean there's no merit – there can't be merit to the unexhausted claim? And your answer is, if it's that, well, that's been resolved by the California Supreme Court, there's no prejudice. If that's the only answer, then your opposing counsel's answer to that is, well, that's part of our claim, that the prejudice determination is an unreasonable determination. That, I believe, is their position. The – Well, is that – Essentially, the California courts have looked at the merit and the prejudice – of the prejudice prong of the instructional error claim on multiple occasions. And with the exception of the dissenting justice in the court of appeal, all of them have concluded that in this particular case, instructional error was harmless given the circumstances that were presented. I think it's important to remember, in looking at the merits, that the Petitioner received every instruction at his trial that he requested. He received instructions on second-degree murder, complete instructions on homicide, complete instructions on self-defense, which would be justifiable homicide. And he also received instructions on imperfect self-defense manslaughter. And it was the theory of imperfect self-defense manslaughter, perhaps combined with a complete self-defense, that was – that formed the defense theory at trial. That is what he pursued, and I think it was a – the question isn't here, but there were tactical reasons for doing so, I think, that are abundantly apparent. If this Court were to find that – Are the standards for harmless error the same with regard – if this were a Strickland claim, for example, the California court applied, as I understand it, a non-constitutional standard, is that right, of harmless error? The state law Watson standard, which this Court has previously found is equivalent to Brecht. Okay. So then the question is, is Brecht equivalent to Strickland, essentially? Well, I guess on Habeas Review and effective assistance of counsel claim, once we get to Federal court, is that going to be reviewed under the Brecht standard? The finding of prejudice. Yes, but there wasn't one here. I mean, they never reviewed the ineffective assistance claim here. Because, again, there was the finding that it wasn't probably part of the proceeding. I understand that. So what I'm asking you is, is this attempt to say that the harmless error ruling on the merits is – would be preclusive of the harmless error decision on ineffective assistance? Are the standards the same on Habeas? Assuming a denial of the ineffectiveness. I don't know the answer to that question, but it's not obvious to me. It has to be, doesn't it? I think it does. If you accept that it was harmless not to give the instruction, then it can't possibly have been harmful not to ask for the instruction. Exactly. But asking for it, whether he got it, not got it, doesn't make any difference because it's harmless. Because you think the same result is in the end. Whether it was given or not. Which brings us back to Judge Reinhart's question as to whether or not we can review – does anything preclude us from reviewing the harmless error instruction on the – I'm sorry, the harmless error determination on the merits. And I guess the answer to that is there's nothing precluding us from doing that, but we'd have to do it subject to AEDPA, given what deference to the state court on that. Yes. And I think that – What deference? That's the question. Which of the many levels of deference? Is it a – it's not a factual issue. Is it a sort of legal – what deference do we owe? Well, the determination of the California courts was a fact-based decision. And so I guess the question – You think the decision, this error is harmless, is a factual determination. What it's saying is we decided had the error been – I'm sorry, had the instruction been given, it would have made no difference to the verdict. Do you think that's a factual determination? I think it's – I think it's a combined question in some regards. But here, I think, because what we're talking about is not a Federal constitutional error, an instructional error. We're talking about a state law error. So once you have a state law problem, which – Why is it a state law error for the counsel to fail to ask for an instruction? Well, I'm sorry. I'm talking about the state law error – On the sua sponte? On the sua sponte. Okay. No, it becomes a Federal – it becomes a Federal claim via the ineffective assistance, you know, gloss. The – if we were speaking on direct appeal in the manner that the California courts considered this claim, applying Strickland, they concluded there was no reasonable probability of a different result. That was what happened in the California courts. Here, we have to find if there was a substantial or injurious effect on the verdict. Did they find there was no reasonable probability, or did they find – was that the standard they would have applied? Well, that was the standard they would have applied, and again, perhaps mixing things, we're talking of the ineffective assistance of counsel claim, which was  I see. Okay. I understand. Okay. I mean, the second time around, that's what they decided. Yes. Okay. Yes. And that's why, again, I say they've actually rejected – they've actually rejected the ineffective assistance of counsel claim once, and they rejected the – But if there were no time problem, and he just came in and didn't raise anything else, if he came and said, look, all these things have happened now, and I just want to file a habeas petition alleging ineffective assistance of counsel for failure to ask for an instruction on heat of passion, that would be a legitimate habeas petition. The answer would be by the state, well, there was no ineffective assistance because even if he should have asked for it, there was no prejudice as a result. The California state court has decided that there was no prejudice as a result of that failure to have an instruction. And that would be just an ordinary straight run-of-the-mill habeas claim, right? It would be. So I guess the answer to my question is all we decided in the merits was that there was no federal claim involved in the sui sponte failure of the court to sui sponte give the instruction. And that doesn't seem to bar that run-of-the-mill habeas claim. True. Although, again, the California court – I'm sorry I asked the question. Except that there was a second – in fact, he did go back and exhaust the run-of-the-mill habeas ineffective assistance, and he did get a denial on that, which was before the final judgment here, although who knows whether anybody knew it. I mean, whether the district court knew it, we don't even know. Certainly that no one apprised the district court. No one told me. But then he was not aware of it at the time. And it's not in the record, really. Exactly. All I said is we're back to the normal procedural question about what's the effect of Rhines on this case, and I sort of got us off sidetracked on the merits rather than – do you think that this, what the court did here, the district court would comply with Rhines? Was there a finding of no cause for the delay? If you look through to the magistrate judge's determinations along the way, yes. Along the way, meaning that one footnote? I'm sorry. In the minute order that was issued on, I believe, I believe it was February 12th. Let me check the date. It's at Excerptural Record 41. It was March 5th, 2002. The magistrate judge said, ''The Petitioner repeats that his first choice remains for this Court to say his Federal Habeas Petition while he exhausts the ineffective assistance claim in State court. If this Court declines to do so, this is not a newly discovered claim, but one which Petitioner has been aware of since trial. Petitioner acknowledges that the two issues are interrelated.'' And it quotes, ''The present exhausted due process claim and unexhausted ineffective assistance claim are intertwined. Moreover, Petitioner apparently has done nothing to pursue the exhaustion of this matter in the State court since he first raised this issue in his traverse filed nearly a year ago on April 2nd, 2001.'' That's pretty clearly the lack of good cause. Thank you. Thank you. We'll give you a minute or two for rebuttal. Let's start at the end. Assume that Ryan's applied to this. Do you think that the district court made a finding that there was no good cause for the delay, or not a formal finding, but made it clear in the ruling, the magistrate judge, that he found no cause for the delay? No, I don't. I think that this case is actually different than the cases cited. There was no mention of good cause and delay in the actual order issued by the district court judge. The district court judge basically signed the standard that you see in every 2254 that I've read considered, and boom, that's what I'm going to do. I would distinguish this completely from how, where they first talked about the district court judge has discretion to consider things raised in the objections or not. In that case, the district court judge actually wrote out why the district court judge determined they weren't going to do something, and this is the reason that they decided they weren't going to do it. So it's your basic argument that there was an objection raised to the district court with regard to this discretionary issue, and that the district judge had to exercise this discretion, not the magistrate judge? Yes, in essence, that's correct. The magistrate judge had previously said that they weren't about to do anything about it, but the district court judge never explicitly addressed the question. I suppose you can argue that general — the question is, does general language implicitly address the question, and I think that it's certainly not clear that it was addressed, and my suggestion would be it did not. What is the status, as my understanding of the — that the statement — the clearest statement about the magistrate judge's view about the timeliness was an amended order by the magistrate judge? Yes. Is that a report of recommendation to the district judge that the district judge is approving when he approves the report and recommendation? I don't believe that it was. I believe that what the district court judge was actually approving was the amended report that was filed, because the magistrate judge actually filed a report and then, in response to an objection, filed a — an amended report. And there was a footnote in the amended report that mentioned something. And it just says you can't raise it any further. It doesn't say anything about timeliness. I believe that's — I believe that that is correct, but I wouldn't want to — It's correct. To state that with deftness. To be — I wouldn't want to be held to that by this Court. What — if the district — you said the magistrate's order is where he says that there was no cause for delay. Yes. What was the order about? That was when the magistrate issued his report nine and a half months after the Petitioner filed his traverse, mentioning for the first time that he wanted to pursue the ineffective assistance of counsel claim. No, I'm asking about what the order that said that there's no cause for the delay. That was — that was an amended order in response to the traverse filed by Mr. Breverman. I believe that's correct. And is there a procedure for appealing that order, or does — I'm unaware of any procedure to appeal that order, Your Honor. You could make — you can certainly make the argument that under the case that's — that was cited in the supplemental, the Hunt case, that that's actually — you know, you could make the argument that can the magistrate judge do that, or make the recommendation to the district court judge that the district court judge do that and the district court judge specifically act on it. Basically, he said in this amended order, the petition is now under submission. Our report and recommendation concerning the merits of Petitioner's claim will be issued for objections by either party in the matter and will thereafter be submitted to the district court. Then when he did that, he didn't really put this ground in. He — and he didn't. I mean, it's here. He only put in the ground that he can't raise it as a traverse. Right. I believe that's correct. All right. Thank you. The case is arguably — Thank you. The case is arguably submitted. The next case in the trilogy of cases we've just heard is Wilson v. Lamarck, which brings us to Van Duck Voe v. Benoff.
judges: Reinhardt, Kozinski, Berzon